## APPEAL OF FRANK J. BOSSHARDT.

Docket No. 4436.    Decided September 30, 1926.

In the case of a sale of real estate, where the initial payments, other than evidences of indebtedness of the purchaser, received within the taxable year 1922, are less than one-fourth of the purchase price, the taxpayer may return as income the proportion of such payments which the total profits realized or to be realized bear to the total contract price. (Sec. 212(d) and sec. 1208, Revenue Act of 1926.)

*George G. Witter, Esq.*, for the Commissioner.

Appeal from the determination of a deficiency of $311.63 in income taxes for 1922. The taxpayer alleges the Commissioner erred in including in income deferred installment payments due in subsequent years on account of the sale price of real property sold or contracted to be sold in the taxable year, and in refusing to allow him and his wife to file separate amended income-tax returns on the community property basis in place of a joint return. There was no appearance at the hearing on behalf of the taxpayer. The Commissioner moved to dismiss under Rule 18. The findings of fact are based on admissions in the answer and an affidavit introduced in evidence by the taxpayer with the consent of the Commissioner.

### FINDINGS OF FACT.

The taxpayer resides at San Antonio, Tex., where he has been engaged in the general practice of law since 1898. He reported his income for 1922 and for prior years on the cash receipts and disbursements basis. The accounting system employed by him consisted of single-entry memoranda of money received and a check stub record of disbursements. For 1922, a joint income-tax return of the taxpayer and his wife was filed, showing a net income of $3,918.52, and there was paid thereon a tax of $40.74.

In October, 1922, the taxpayer sold a parcel of land for $11,000, of which $2,500 was paid in cash and $8,500 was represented by eight promissory notes. Seven of the notes were for $1,000 each, and were payable annually over a period of seven years; one was for $1,500 and was payable at the end of eight years. The notes were secured by a vendor's lien on the property. Annexed to the income-tax return was the following schedule:

SCHEDULE C.

Property sold: Lots.

| | | |
|---|---:|---:|
| Cost 1909 | | $1,100.00 |
| Value March 1, 1913 | | $4,000.00 |
| Subsequent improvements | | 760.15 |
| Total cost | | 4,760.15 |
| Sale price $2,500 cash—$1,000 per yr | | 11,000.00 |
| Less: | | |
| Commission | $550.00 | |
| Revenue stamps | 11.00 | |
| Supplemental abstracts | 6.00 | |
| | | 567.00 |
| Net sale price | | 10,433.00 |
| Cost | | 4,760.15 |
| Gross profits | | 5,672.85 |
| Divide by net sale price | | 10,433.00 |
| Gross profits ratio | | .54⅜ |
| Multiply by cash collected | | 2,500.00 |
| Income received in 1922 | | 1,359.37 |

In October, 1923, a deputy collector of internal revenue at San Antonio prepared amended separate returns on the community property basis for taxpayer and his wife, showing a community net income of $8,493.05, and taxes of $113.83 due by the taxpayer and $129.86 due by his wife, the sum of $40.74 originally paid being credited to him. The Commissioner subsequently declined to permit the filing of separate returns in place of the joint return originally filed.

The Commissioner determined that the entire apparent profit from the sale of the land was income to the taxpayer in 1922. In determining the total profit, the Commissioner used the figures reported by the taxpayers as the March 1, 1913, value.

OPINION.

ARUNDELL: Section 212 (d) of the Revenue Act of 1926 provides as follows:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable

year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case * * * of a sale or other disposition of real property, if * * * the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. As used in this subdivision the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

Section 1208 of the same Act reads as follows:

The provisions of subdivision (d) of section 212 shall be retroactively applied in computing income under the provisions of the * * * Revenue Act of 1921 * * *.

Under date of August 27, 1926, the Commissioner issued his regulations pursuant to the provision of the statute quoted above.

These sections of the Act and the regulations promulgated pursuant thereto are applicable to the facts in this case. The payment, other than evidences of indebtedness of the purchaser, received in the taxable period from the sale of real estate, was less than one-fourth of the purchase price; and the taxpayer is, therefore, permitted to return as income a proportionate part of the profits ascertained in the manner prescribed in section 212(d). In ascertaining the proportion of profit, the taxpayer has not followed exactly the method there prescribed, in that he has used the ratio which the total profit realized bears to the net sale price, whereas the statute specifies, instead of the net sale price, the "total contract price." This results in a slightly larger proportion of profit than if the statutory method were used.

Having decided the taxpayer may return as income of the taxable year only the proportionate profit on the payment received in that year, the question of the right of the taxpayer and his wife now to file separate returns of community property becomes immaterial.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*